UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH A. WALTON, | ) | CASE NO.: 1:23CV1408 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Elizabeth Walton to the Report and Recommendation ("R&R") of the Magistrate Judge. On June 25, 2024, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the denial of Walton's application for benefits. On July 8, 2024, Walton objected to the R&R. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision

is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Walton first contends that the R&R erred when it concluded that the ALJ had properly explained the reasons for discounting Walton's subjective complaints. While the objections stretch over numerous pages, Walton rarely specifies which of her subjective limitations were improperly analyzed by both the R&R and the ALJ. However, it appears that Walton asserts that her shortness of breath and its accompanying dizziness and/or drop in blood pressure were the subjective symptoms at issue. With respect to these symptoms, the ALJ noted: "The claimant reported becoming short of breath when walking at a fast pace or far distance, but at rest she is fine." Do. 7 at 28. The ALJ also noted: "Following the claimant's pacemaker implantation, the claimant's blood pressure remained low, but she denied dizziness or lightheadedness." *Id.* Finally, the ALJ noted:

> "Following the placement of the claimant's pacemaker there is no evidence of ongoing cardiac issues or subsequent complications. In fact, treatment notes indicate that the claimant's tachycardia is resolved (Exhibit 20F/2). Although, the claimant continues to report shortness of breath, it has not been attributed to specific lung disease. Moreover, the evidence reflects that the claimant's shortness of breath is brought on by standing or walking for long periods and absent when she is at rest.

*Id.* at 29. Given the above, the ALJ adequately explained why Walton's subjective complaints about the extent of shortness of breath and its accompanying limitations were discounted. Moreover, the Court agrees with the R&R that the ALJ's finding that Walton could only perform

sedentary work served to account for Walton's shortness of breath while also taking into consideration its underlying cause – physical exertion. Accordingly, this first objection lacks merit.

Walton next asserts that R&R erred when it found that the ALJ had properly evaluated the evidence that was relied upon in Walton's residual functional capacity ("RFC"). Specifically, Walton asserts that the ALJ, and subsequently the R&R, erred when it failed to evaluate the supportability and consistence of the medical opinions relied upon to formulate Walton's RFC. In rejecting this contention, the R&R noted:

> Ms. Walton contends that the ALJ was "too conclusory" in finding the record did not support social limitations, and that he failed to identify evidence inconsistent with the described social limitations. (ECF Doc. 8, p. 22.) But a review of the ALJ decision reflects that he found at Step Two that Ms. Walton had "mild" limitations in interacting with others, supported in part by her "unremarkable social presentation" at the consultative psychological examination, with cooperative behavior and normal speech, and her report to the consultative examiner that "she does well with people." (Tr. 21-22 (referencing Tr. 705-09).) The ALJ then noted at Step Four that Ms. Walton's mental health treatment was "limited to psychotropic medication prescribed by her primary care provider," as she had "never seen a mental health professional on an outpatient basis for treatment," and that she had not "required emergency treatment for acute mental symptom[] exacerbations or hospitalization for periods of mental instability." The ALJ also highlighted her mental status findings at the consultative examination, including her appropriate affect and good eye contact. (*Id*.)

Doc. 12 at 43-44. Walton fails to establish error by the R&R in its analysis. Instead, Walton reiterates the arguments she made in her briefing. As detailed in the above quote, the R&R properly reviewed the record and found that the ALJ's decision had properly determined that the limitations suggested by the state agency consultants were not consistent with other record evidence. Accordingly, this objection also lacks merit.

In closing, the Court would note that Walton's objections span twenty-five pages and read much like her opening brief. That is, the objections raise numerous legal arguments but fail to

allege specific errors of law or fact within the R&R. Instead, the objections reiterate arguments with conclusory statements that the R&R erred in resolving them.  The Court has reviewed each contention and finds no error within the R&R.

For the reasons stated above, Walton's objections are OVERRULED.  The R&R is ADOPTED IN WHOLE.  The decision of the Commissioner is hereby AFFIRMED.


Dated: August 26. 2024                          /s/ John R. Adams
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE